UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANCIS WAYNE DAVIS,

    Plaintiff,

    v.

SANTA CLARA COUNTY, et al.,

    Defendants.

Case No. 17-CV-1514 LHK (PR)

**ORDER OF DISMISSAL**

Plaintiff, a California state prisoner proceeding *pro se*, filed a second amended civil rights complaint under 42 U.S.C. § 1983. For the reasons stated below, the court dismisses the second amended complaint for failure to state a claim for relief.

**DISCUSSION**

A.   <u>Standard of review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),

(2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B. Background

In the original complaint, plaintiff alleged that: (1) the Ninth Circuit Court of Appeals violated his First Amendment right; (2) Santa Clara County violated his Thirteenth Amendment right; and (3) the imposition of Megan's Law violated his Eighth Amendment right against cruel and unusual punishment. The court dismissed Claims 1 and 2 with prejudice because they were challenges to plaintiff's criminal judgment, and therefore improperly brought in a civil rights complaint. As to Claim 3, the court could not determine who the defendant was. Plaintiff was advised to plead sufficient "facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The court dismissed Claim 3 with leave to amend.

Thereafter, plaintiff filed a first amended complaint, in which he again raised three claims. In Claim 1, plaintiff set forth a variety of allegations against two Superior Court judges, one prosecutor, his public defender, and a detective. Plaintiff's underlying claims against these defendants asserted that they obtained plaintiff's conviction by using false evidence, lying, and committing violations of the law. Because Claim 1, if successful, would have shortened the duration of plaintiff's confinement or affect plaintiff's criminal judgment, it was within the core of habeas corpus, and improper in a civil rights complaint. Claim 1 was DISMISSED with prejudice for failure to state a claim.

In Claim 2, plaintiff alleged that on July 22, 2014, he learned that the Megan's Law

Case No. 17-CV-01514 LHK (PR)
ORDER OF DISMISSAL

2

website falsely listed plaintiff as a "child molester." Plaintiff claimed that the false labelling of plaintiff as a child molester negatively affected him because he was denied employment, threatened and chased by suspected gang members, and refused housing. Because plaintiff was already given leave to amend this claim, defamation alone was not a constitutional claim, and plaintiff again failed to name a proper defendant, the court dismissed Claim 2 with prejudice.

In Claim 3, plaintiff alleged that on June 25, 2015, plaintiff was released from jail. Plaintiff went to the "Re-Entry Center," which was a place designed to help parolees re-enter into society. Plaintiff alleges that the receptionist at the Re-Entry Center violated plaintiff's right to equal protection. According to plaintiff, the receptionist refused to give plaintiff the funds necessary to pay for a two-week stay at the Valley Inn Motel because plaintiff did not want to participate in any of the classes offered by the Re-Entry Center.

The court found that plaintiff failed to name a defendant, plaintiff's claim of equal protection failed to implicate a fundamental right or suspect classification, and plaintiff failed to allege facts from which it could be inferred that the state actor intentionally treated him differently than other similarly situated persons without a rational basis. The court dismissed Claim 3 with leave to amend so that plaintiff could name a proper defendant and allege sufficient facts to show that the defendant intentionally treated him differently than other similarly situated persons without a rational basis.

C.  Legal claims

In plaintiff's second amended complaint, plaintiff again raises three claims. Each claim fails to state a claim for relief.

1.  Claim 1

In Claim 1, plaintiff alleges that defendant John Doe was a receptionist at the Re-Entry Center and discriminated against plaintiff in violation of the Equal Protection Clause by denying plaintiff's request for temporary housing because plaintiff did not want to participate in any of the

Case No. 17-CV-01514 LHK (PR)
ORDER OF DISMISSAL

3

classes offered by the Re-Entry Center. Plaintiff also names Santa Clara County and the City of San Jose for failing to properly train John Doe not to "abuse his authority."

Claim 1 again fails to state a claim for relief. Plaintiff alleges that because he is a "protective custody inmate," he is a member of a protected class. However, even assuming protective custody inmates are a protected class, in order to state a claim for relief, the plaintiff must allege that the defendant state actor acted at least in part *because of* plaintiff's membership in a protected class. *See Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (emphasis added). Plaintiff has not provided any facts from which it can be inferred that John Doe denied plaintiff's request for temporary housing based on plaintiff's membership in a protected class.

Alternatively, where state action does not implicate a fundamental right or a suspect classification, the plaintiff can establish an equal protection "class of one" claim by demonstrating that the state actor (1) intentionally (2) treated him differently than other similarly situated persons, (3) without a rational basis. *Gerhart v. Lake County Montana*, 637 F.3d 1013, 1020 (9th Cir. 2011) (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)). Plaintiff has alleged no facts that other similarly situated persons were treated differently by John Doe. Thus, plaintiff's allegation of a violation of the Equal Protection Clause fails to state a claim for relief.

Plaintiff's allegation against Santa Clara County and San Jose also fail to state a claim for relief. To impose municipal liability under Section 1983 for a violation of constitutional rights resulting from governmental inaction or omission, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).

Not only has plaintiff failed to allege that he possessed a constitutional right of which he

Case No. 17-CV-01514 LHK (PR)
ORDER OF DISMISSAL

4

was deprived, but plaintiff has also failed to state that Santa Clara County or San Jose had any kind of policy that amounted to deliberate indifference. "A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 62 (2011) (internal quotation marks omitted). Here, plaintiff concedes that plaintiff had previously received temporary housing assistance from other employees of the Re-Entry Center, and plaintiff does not allege that any other employee acted similarly to John Doe. Thus, plaintiff has not stated a cognizable claim for relief against Santa Clara County or San Jose.

Plaintiff also alleges that John Doe's actions of denying plaintiff temporary housing violated plaintiff's right against cruel and unusual punishment because plaintiff ended up living in "unfavorable conditions." A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See id.* Here, plaintiff does not provide any facts from which it can be inferred that John Doe knew that denying plaintiff temporary housing created a substantial risk of serious harm. Thus, plaintiff's allegation of a violation of the Eighth Amendment fails to state a claim for relief.

Accordingly, Claim 1 is DISMISSED. The court previously explained to plaintiff why this claim was deficient, and plaintiff has failed to correct those deficiencies. The court's August 14, 2017 order warned plaintiff that the failure to cure deficiencies could result in a finding that further leave to amend would be futile. Based on the foregoing, the court finds that further leave to amend would be futile, and dismisses Claim 1 with prejudice.

### 2. Claim 2

In Claim 2, plaintiff alleges that in 2013, he was forced to sign "parole papers under duress." The papers required plaintiff to wear an ankle monitor and imposed other restrictions. Plaintiff claims that his conditions of release were improper because they were retroactively imposed in violation of state law. Specifically, plaintiff challenges the application of Jessica's Law, the Sexual Predator Punishment and Control Act, which requires the wearing of a global positioning system ("GPS") monitor. The provisions of Jessica's Law prohibit any person required to register as a sex offender from living within 2,000 feet of a school or park where children normally gather, and requires such persons to be monitored by a GPS. *See* Cal. Penal Code §§ 3003.5, 3004; *Doe v. Department of Correction*, Case No. 07-CV-5117 JF, 2010 WL 2077175, at *1 (N.D. Cal. May 21, 2010).

Plaintiff states that due to the placement of the ankle monitor, he experienced a decrease in his "social status," being "struck" and threatened by a "vigilante," and being shot at by the police. Plaintiff claims that at the time he committed the crimes for which he had been convicted, Jessica's Law had not been enacted and thus, Jessica's Law should not have applied to him. Plaintiff alleges that requiring him to comply with Jessica's Law violates California Penal Code § 3, which states that no part of the California Penal Code is retroactive unless it is expressly stated. Because plaintiff frames his claim only in terms of state law, this does not state a cognizable claim for relief. *See Paul v. Davis*, 424 U.S. 693, 697 (1976) (recognizing that to state a claim for relief, a plaintiff must show a specific constitutional federal guarantee safeguarding the interests that have been invaded). Thus, plaintiff's state law claim is dismissed.

Although plaintiff mentions that his allegations support a claim that his Eighth and Fourteenth Amendment rights were violated, merely referencing federal law does not convert plaintiff's state law allegations into federal claims. *See Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (per curiam) (recognizing that the mere reference to a federal statute

Case No. 17-CV-01514 LHK (PR)
ORDER OF DISMISSAL

6

in a pleading will not convert a state law claim into a federal cause of action). Plaintiff has alleged no facts to support a federal claim for relief for a violation of either the Eighth or Fourteenth Amendments.

Alternatively, even assuming that plaintiff intended to argue that the imposition of Jessica's Law violated the Ex Post Facto Clause, courts have rejected this claim. Jessica's Law was enacted by California voters on November 7, 2006. *Jensen v. Hernandez*, 864 F. Supp. 2d 869, 941 (E.D. Cal. 2012). After its enactment, plaintiff was released on parole in 2013. The California Supreme Court has held that the residency requirement of Jessica's Law has no improper retrospective effect on those persons who are paroled after the effective date of the statute. *In re E.J.*, 47 Cal. 4th 1258, 1276-78 (2010) (finding that because petitioners were released from custody on parole after the enactment of Jessica's Law, the application of Jessica's law was not retroactive). Similarly here, because Jessica's Law was enacted in 2006 and plaintiff was released on parole in 2013, Jessica's Law was not retroactively applied to plaintiff. *See Jensen*, 846 F. Supp. 2d at 942 ("although petitioner's crimes were committed before [Jessica's Law] was passed, any GPS monitoring of him will not occur, if at all, until petitioner is released on parole. Because petitioner will be paroled after the effective date of [Jessica's Law], the application . . . to him does not appear to violate the Ex Post Facto Clause); *cf. Doe v. Schwarzenegger*, 476 F. Supp. 2d 1178, 1180-81 (E.D. Cal. 2007) (holding that Jessica's Law does not have a retroactive effect and thus would not apply to persons who were convicted and released from incarceration prior to its enactment).

Accordingly, Claim 2 is DISMISSED. The dismissal is with prejudice because "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (citations and internal quotation marks omitted).

Case No. 17-CV-01514 LHK (PR)
ORDER OF DISMISSAL

7

3. <u>Claim 3</u>

In Claim 3, plaintiff raises the same Megan's Law[1] allegation as he did in both his original and amended complaints. Specifically, plaintiff claims that the mislabeling of plaintiff as a child molester on the Megan's Law website negatively affected him because he was denied employment, threatened and chased by "vigilantes," and refused housing.[2] This is plaintiff's third attempt to raise this claim.

In the original complaint, the court dismissed this claim for failure to state a claim for relief but gave plaintiff leave to amend. The court informed plaintiff that he did not name a proper defendant, and further instructed plaintiff to plead facts rather than conclusions to show that each defendant was personally involved in the deprivation of plaintiff's civil rights. In plaintiff's amended complaint, plaintiff was unable to cure the deficiencies. Plaintiff clarified that he was raising a claim of defamation. The court dismissed the claim with prejudice for failing to state a claim for relief because defamation alone does not state a constitutional claim. Despite this dismissal, plaintiff has raised the same claim of defamation in the underlying second amended complaint. Accordingly, Claim 3 remains DISMISSED with prejudice.

**CONCLUSION**

Plaintiff's second amended complaint is DISMISSED with prejudice. The court previously explained to plaintiff why the original and amended complaints were deficient, and plaintiff has failed to correct those deficiencies. Plaintiff has already had two opportunities to amend his complaint, and the court's August 14, 2017 order warned plaintiff that the failure to

---

[1] Megan's Law requires that the Department of Justice make available to the public via website information about persons who are required to register as a sex offender pursuant to California Penal Code § 290.

[2] Even assuming that the Megan's Law website improperly listed plaintiff as a "child molester," the court notes that plaintiff stated in his amended complaint that he was convicted of assault with intent to commit rape in violation of California Penal Code § 220. Dkt. No. 15 at 12. The Sex Offender Registration Act mandates a lifetime registration for those who have been convicted of assault with intent to commit rape, which includes plaintiff. Cal. Penal Code § 290.

cure deficiencies could result in a finding that further leave to amend would be futile. Based on the foregoing, the court finds that further leave to amend would be futile.

The clerk shall terminate all pending motions and close the file.

**IT IS SO ORDERED.**

DATED: 11/30/2017

*Lucy H. Koh*
LUCY H. KOH
UNITED STATES DISTRICT JUDGE

Case No. 17-CV-01514 LHK (PR)
ORDER OF DISMISSAL

9